Ronald E. DEVOID

v.

CLAIR BUICK CADILLAC, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1995.

Decided Jan. 3, 1996.

charges although consignee earlier paid consign-

or all freight charges identified at the time).

Jean L. Walsh, Sanford, for Plaintiff.

Arlyn H. Weeks, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Ronald E. Devoid appeals from the judgment entered after a jury-waived trial in the Superior Court (York County, *Crowley, J.*) that denied him relief pursuant to the Whistleblowers' Protection Act against his former employer, Clair Buick Cadillac, Inc. Clair Buick cross-appeals, challenging an award to Devoid of payment for accrued vacation time. We affirm the judgment.

Devoid was the office manager for the dealership through two changes in ownership from 1983 until January 1991, when he was fired by the general manager, Frederick Shove. Between mid-December 1990 and January 18, 1991, Devoid had reported to his employer what he believed were three violations of law: a payment to a nonemployee from the Clair Buick account; the payment of a bonus check to a former employee of Clair Buick; and the proposed method of handling financing documents to be submitted to Key Bank.

On January 18, 1991, Devoid refused to follow instructions from Shove to issue a check that would be endorsed and returned by a customer to represent the down payment on a car purchase to be financed by Key Bank. Shove said the arrangement was the same thing as an in-house rebate. Devoid said that reflecting the check from Clair Buick as the customer's down payment was illegal and maintained his refusal to issue the check. Shove said they would work the deal some other way and the matter was dropped.

On Monday morning, January 21, 1991, Devoid was fired by Shove with the knowledge and approval of the owner of Clair Buick. Devoid was paid his salary to the date of discharge, but he was not paid for fifteen days of accrued vacation time.

Devoid's multicount complaint was reduced to two claims prior to the trial. Count I was based on the Whistleblowers' Protection Act, and Count V was based on Devoid's claim for vacation pay. In Count I, Devoid alleged that his discharge was prohibited by section 833(1) because he had been discharged for reporting to his employer in good faith what he had reasonable cause to believe was a violation of law.

The Whistleblowers' Protection Act, 26 M.R.S.A. §§ 831–840, provides in pertinent part as follows:

**§ 833. Discrimination against certain employees prohibited**

**1. Discrimination prohibited.** No employer may discharge, threaten or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because:

**A.** The employee, acting in good faith, or a person acting on behalf of the employee, reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States;

. . . . .

**D.** The employee[,] acting in good faith, has refused to carry out a directive that would expose the employee or any individual to a condition that would result in serious injury or death, after having sought and been unable to obtain a correction of the dangerous condition from the employer.

The court found that in each instance Devoid orally reported to his employer what Devoid believed to be illegal activity. The court also found that all three transactions could have been accomplished legally. The court declined, however, to decide whether Devoid's concern about the transactions was reasonable. Instead, the court determined that Devoid was fired for refusing to issue a check

on the direction of the general manager. That determination was apparently based in part on the court's finding that Devoid suffered no adverse consequences from his first two reports concerning violations of law.

■ On appeal, Devoid argues that his conduct in refusing to participate in what he believed to be illegal activity was protected by the Act. We disagree. Section 833(1)(A) prohibits the discharge of an employee because the employee *reports* a violation of law. On the other hand, section 833(1)(D) prohibits the discharge of an employee because the employee *refused* to carry out a directive. Section 833(1)(D), however, is limited to situations involving a physically dangerous condition. Although Devoid argues that the distinction weakens the whistleblower's protection, that must remain a matter of legislative concern.

■ On its cross-appeal, Clair Buick contends that the court erred in awarding Devoid three weeks' accrued vacation pay. We review the court's finding as to the implied terms and conditions of Devoid's employment contract for clear error, and we find none.

The entry is:

Judgment affirmed.

WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ., concurring.

LIPEZ, Justice, dissenting.

I respectfully dissent. By affirming the trial court's decision, the Court ratifies an erroneous construction of the Whistleblowers' Protection Act that needlessly undermines the Act's protective purpose.

The record reveals that Devoid's protest to his employer about the propriety of the down payment transaction and his refusal to issue the check were contemporaneous. Both the protest and refusal took place within the context of a single, uninterrupted conversation late on a Friday afternoon. Devoid was discharged on the following Monday, within two working hours of that conversation.

Despite the contemporaneity of the report and refusal, the trial court found that "the close temporal proximity between Devoid's refusal to issue the check and his discharge leads to the conclusion that he was fired for refusing to issue the check." On the basis of temporal proximity to the discharge, there is no meaningful distinction between the report by Devoid of the perceived illegality and his refusal to issue the check. Implicit in the trial court's factual finding is the legal error that the Whistleblowers' Protection Act required a finding of a single cause of the discharge. That is simply not so. The four provisions of 26 M.R.S.A. § 833(1) protect four different types of conduct by the employee.[1] A finding that Devoid's conduct did not meet the requirements of paragraph D (the refusal provision) did not preclude a finding that his conduct met the requirements of paragraph A (the reporting provision). On this record, given the trial court's reliance on temporal proximity between the Friday confrontation and the Monday discharge, the trial court was compelled to find that the report was as much a cause of

1. **§ 833. Discrimination against certain employees prohibited**
    **1. Discrimination prohibited.** No employer may discharge, threaten or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because:
    **A.** The employee, acting in good faith, or a person acting on behalf of the employee, reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States;
    **B.** The employee, acting in good faith, or a person acting on behalf of the employee, reports to the employer or a public body, orally or in writing, what the employee has reasonable cause to believe is a condition or practice that would put at risk the health or safety of that employee or any other individual;
    **C.** The employee is requested to participate in an investigation, hearing or inquiry held by that public body, or in a court action; or
    **D.** The employee acting in good faith, has refused to carry out a directive that would expose the employee or any individual to a condition that would result in serious injury or death, after having sought and been unable to obtain a correction of the dangerous condition from the employer.

Devoid's discharge as the refusal, and he was thus protected by section 833(1)(A).[2]

I would vacate the judgment of the Superior Court on count I and remand for a determination of the reasonableness of Devoid's concern about the legality of the down payment transaction.

**2.** As the Court indicates, Devoid reported to his employer what he believed were three violations of law between mid-December 1990 and January 18, 1991. The trial court described these three transactions by the names of the parties involved in the transaction: "Guy Desrosiers," "Fred Marsters," and "Mahoney sales transaction." The Mahoney sales transaction involved the down payment on a car purchase to be financed by Key Bank. The trial court found "no credible evidence of any adverse action against Devoid for reporting his concerns about the Desrosiers or Marsters checks." Significantly, the trial court made no such finding about the absence of an adverse relationship between Devoid's report of a concern about the Mahoney sales transaction and his discharge. The Court is speculating when it states that the trial court's determination that Devoid was fired for refusing to issue a check in the Mahoney transaction "was apparently based in part on the court's finding that Devoid suffered no adverse consequences from his first two reports concerning violations of law." The trial court's detailed findings of fact include no such finding.